**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3581-22

SPECTRUM CAPITAL
NORTH BERGEN, LLC,

     Plaintiff-Appellant,

v.

CROWN BANK,

     Defendant-Respondent.

_____

Submitted November 7, 2024 – Decided February 27, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1445-21.

Ferrara Law Group, PC, attorneys for appellant (Ralph P. Ferrara and Noah A. Schwartz, of counsel and on the briefs).

Hill Wallack LLP, attorneys for respondent (Mark A. Roney, of counsel and on the brief).

PER CURIAM

Plaintiff Spectrum Capital North Bergen, LLC appeals from two June 13, 2023 Law Division orders that denied plaintiff's cross-motion for partial summary judgment, granted defendant Crown Bank's motion for summary judgment, and dismissed the amended complaint with prejudice.  We affirm.

In February 2020, defendant issued a letter of interest (LOI) to provide financing for plaintiff's commercial hotel property.  Among other terms, defendant agreed to lend up to $16 million, with up to $5 million financed by a Small Business Administration (SBA) 504 loan through a Certified Development Company (CDC).[1]  The LOI did not require plaintiff to obtain approval of the SBA loan prior to closing on the loan with defendant.

Pursuant to the LOI, plaintiff paid defendant a $35,000 deposit to be applied to the commitment fee, of which $30,000 would be refunded if defendant did not issue a commitment letter.  The entire deposit became non-refundable upon defendant's approval of the loan request.

---

[1]  A 504 loan "provides long-term, fixed rate financing for major fixed assets that promote business growth and job creation." 504 Loans, Small Bus. Admin., https://www.sba.gov/funding-programs/loans/504-loans#what-is-the-504-loan-program- (last updated June 14, 2024).  The "loans are available through [CDCs], SBA's community-based nonprofit partners who promote economic development within their communities."  Ibid.

In March 2020, defendant approved the request for the proposed loan and issued a commitment letter. The commitment letter reiterated certain terms and conditions, including a condition precedent that defendant would close both loans without CDC approval, "provided that a complete application has been submitted to the CDC 504 [l]ender and reviewed by the bank." The commitment letter expired on May 11, 2020 if the proposed loan was not closed on or before that date.

The commitment letter further stated, "It is agreed that the commitment fee and all fees to be paid have been earned upon issuance of this commitment and are not refundable." Plaintiff accepted the terms and paid the outstanding $210,000 commitment fee and $6,150 in other fees.

Shortly thereafter, defendant ordered an appraisal and feasibility study, which was its responsibility under the LOI. Although the appraisal was completed in June 2020, the feasibility study was not completed at that time because of the COVID-19 pandemic.

In September 2020, the hotel opened for business under a temporary certificate of occupancy. The following month, defendant received the appraisal and delayed feasibility study and, because the May 11 closing deadline passed, approved a ninety-day extension of the commitment letter, with additional

conditions (the extension letter). The extension letter added the following condition in large, bold font:

Approved with the following condition:

- Prior to closing [plaintiff] must obtain SBA approval for the 504 loan.

Plaintiff failed to obtain approval of the SBA loan by the extended deadline and therefore the parties did not close on the proposed loan.

After the extended deadline passed, and plaintiff's initial complaint was filed, defendant issued another modification to the commitment letter, proposing to extend the closing date to June 16, 2021. Although defendant agreed to certain modifications of the terms requested by plaintiff, plaintiff did not execute the modified commitment letter and the loan did not close. Defendant did not return the commitment fee or appraisal fee.

Plaintiff's amended complaint, filed June 17, 2021, asserted breach of contract (count one), breach of the implied duty of good faith and fair dealing (count two), unjust enrichment (count three), equitable estoppel (count four), promissory estoppel (count five), and common law fraud (count seven)[2] and fraud under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -229 (count

---

[2] The amended complaint did not contain a count six.

eight). The complaint sought compensatory and consequential damages, interest and attorneys' fees. Defendant answered the complaint and asserted affirmative defenses. Upon the conclusion of discovery, defendant moved for summary judgment and plaintiff cross-moved for summary judgment on counts one and two.

After considering oral argument, Judge Kimberly Espinales-Maloney issued a thirteen-page opinion and accompanying orders denying plaintiff's cross-motion, granting defendant's motion, and dismissing the amended complaint with prejudice.

On appeal, plaintiff advances the following arguments in support of its claim the judge erred in granting summary judgment to defendant: 1) plaintiff was not required to obtain the SBA loan as a condition precedent to closing; 2) the loan commitment was an illusory contract and unenforceable; 3) plaintiff was entitled to summary judgment on its claim of breach of the duty of good faith and fair dealing; and 4) plaintiff's CFA claim should have been permitted to reach a jury.

We review de novo a trial court's ruling on a motion for summary judgment, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022) (citing Woytas v. Greenwood Tree Experts, Inc.,

A-3581-22

237 N.J. 501, 511 (2019)). We must decide whether "there is [a] genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting R. 4:46-2(c); and then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[ ] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).

"The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540). "If there is no genuine issue of material fact, the court must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).

On de novo review, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration

A-3581-22

in original) (quoting <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)). A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." <u>R.</u> 4:46-2(c).

Having reviewed the record in light of these standards, we affirm substantially for the reasons articulated by Judge Espinales-Maloney in her thorough written opinion, with the following comments.

"To prevail on a claim of breach of contract," a plaintiff has

> the burden to prove four elements: first, that "the parties entered into a contract containing certain terms"; second, that "plaintiffs did what the contract required them to do"; third, that "defendants did not do what the contract required them to do," defined as a "breach of the contract"; and fourth, that "defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs."
>
> [<u>Goldfarb v. Solimine</u>, 245 N.J. 326, 338-39 (2021) (quoting <u>Globe Motor Co. v. Igdalev</u>, 225 N.J. 469, 482 (2016) (alterations omitted)).]

The judge found that "even if defendant breached by failing to timely obtain reports or by adding terms to the commitment letter, plaintiff also breached by failing to satisfy the conditions precedent to the loan closing."

A-3581-22

Plaintiff's contention it was not required to obtain the SBA loan approval prior to closing is belied by the record.  Although this provision was not included in the original loan commitment, it was incorporated as a condition of the extension letter.[3]

We also reject plaintiff's contention the commitment letter was illusory because, as the judge found, each party provided consideration and defendant earned the fee by "working on the loan commitment."

Turning to the next issue, the duty of good faith and fair dealing is "an 'implied covenant that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."'"  Roach v. BM Motoring, LLC, 228 N.J. 163, 175 (2017) (quoting Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420 (1997)).  A breach of this duty occurs when a "party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract."  Wilson v. Amerada Hess Corp., 168 N.J. 236, 251 (2001).

---

[3] Plaintiff contends the judge's finding on this point should be set aside because defendant did not contend plaintiff's inability to obtain the SBA loan constituted a failure to perform a condition precedent.  We are unpersuaded by this argument because defendant's statement of material facts raised this issue.

We agree with the judge's determination defendant did not breach the covenant of good faith and fair dealing, for the same reasons she found defendant did not breach the contract.

As to the CFA claim, a violation occurs when "a person . . . commits an 'unlawful act' as defined in the legislation." Cox v. Sears Roebuck & Co., 138 N.J. 2, 17 (1994). "Unlawful practices fall into three general categories: affirmative acts, knowing omissions, and regulation violations." Ibid. The first two categories are found in N.J.S.A. 56:8-2 (unlawful conduct), and the third is found under N.J.S.A. 56:8-4(b) (violates state or federal law). Ibid.

Plaintiff's complaint cites the "unlawful conduct" section of the CFA, which prohibits "any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate." N.J.S.A. 56:8-2. "Merchandise" is defined as "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." N.J.S.A. 56:8-1(c).

A-3581-22

Plaintiff contends the trial court erred by failing to make findings under Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009),[4] thereby violating Rule 1:7-4. This argument is unavailing. Setting aside the issue of whether a commercial loan is considered the sale of "merchandise" under the CFA, we agree with the judge's determination that plaintiff's amended complaint[5] and statement of material facts are bereft of any facts demonstrating the unlawful conduct necessary to support a CFA claim against defendant.

To the extent we have not expressly addressed any issues raised by plaintiff, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] The Bosland factors are: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." 197 N.J. at 557.

[5] The judge noted "the amended complaint [wa]s missing a page, which may have set forth a claim for fraud." The complaint provided to us on appeal is likewise missing page fourteen.

A-3581-22